CHARLES H. MYERS AND BEVERLY B. MYERS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Myers v. Commissioner
Docket No. 24653-93
United States Tax Court
T.C. Memo 1995-329; 1995 Tax Ct. Memo LEXIS 325; 70 T.C.M. (CCH) 129; July 24, 1995, Filed *325 Decision will be entered under Rule 155. For petitioners: W. Lee Choate. For respondent: Joni D. Larson. KORNER
KORNER
MEMORANDUM OPINION KORNER, Judge: For the calendar years 1989 and 1990, respondent determined deficiencies in income tax and additions to tax under section 6662(a) [1] in the respective amounts of $ 11,143 and $ 55,991 for the tax, and $ 2,229 and $ 11,198 for the additions to tax. After the settlement of other issues between the parties, it remains for us to decide: (1) Whether petitioners are entitled to net operating loss carryforward deductions in the amounts of $ 768,862 [2] and $ 704,555 in their 1989 and 1990 taxable years; and (2) whether petitioners are liable for additions to tax for negligence or intentional disregard of rules or regulations with respect to their 1989 and 1990 taxable years, pursuant to section 6662(a). *326 At the time the petition herein was filed, petitioners resided in Austin, Texas. They filed joint returns for the years 1986 through 1990 inclusive. Petitioners claimed carryforward losses from 1986, 1987, and 1988 to the years before the Court (1989 and 1990) which consist, in various proportions, of Schedule C deductions, partnership losses, and capital losses from the sale of stock. Petitioners went into bankruptcy in 1987; the parties are in disagreement as to when petitioners were discharged from bankruptcy, and they further dispute whether, and to what extent, loss deductions occurring after the time when petitioners went into bankruptcy in 1987 should have been picked up and reported by the bankruptcy estate as a separate taxpayer, distinct from petitioners individually. They also dispute whether or not various alleged partnership interests were taken over by the trustees in bankruptcy, and if so, to what extent, and also whether any of the partnership assets were thereafter abandoned, and therefore reverted to petitioners individually. All these matters raise interesting points of dispute, but fortunately we do not have to resolve them in this case. The reason is that *327 even without considering any of these arguments between the parties, we find that petitioners have not shown that there was a net operating loss in the years 1986, 1987, and 1988 that could properly be carried forward to the years 1989 and 1990, which are the years before the Court. On the issues that are presented in this case for our decision, petitioners have the burden of proof. Rule 142(a); . Likewise, where deductions are claimed, as here, the burden is on the taxpayer (petitioners here) to prove the entitlement to such deductions under the law. . Our first inquiry must therefore be whether petitioners had any net operating losses in 1986, 1987, and 1988. As to this, the record herein contains joint exhibits consisting of the income tax returns filed by petitioners for each of the years 1986 through 1990. The record also contains exhibits from petitioners showing the workpapers that were used in the preparation of petitioners' 1986, 1987, and 1988 joint returns. That is all. No one testified as to the claimed net operating *328 losses incurred in 1986, 1987, and 1988, and their allowability as deductions, and no one explained why said deductions, if allowable and incurred as alleged, would not be carried back 3 years before being carried forward to subsequent years, as required by section 172(b). Based on the inadequate record thus presented, we are unable to find that any net operating losses actually were incurred in 1986, 1987, and 1988, quite aside from whether such losses, if incurred, were allowable to petitioners for tax purposes and may be carried forward against petitioners' income for 1989 or 1990. Petitioners' returns, which are in evidence, simply prove that these were the returns that were filed; they are not self-proving as to the truth of their contents. , affd. ; . By the same token, the worksheets that were used to produce the 1986, 1987, and 1988 returns (at least in part) may be accurate as showing the workpapers which were used in fact to produce the returns, but petitioners cannot lift themselves *329 by their own bootstraps and claim that these workpapers, generated by themselves, although used to prepare the returns, are therefore true and accurate. There is nothing else in this record, including testimony from any witness, as to the amount and allowability as a deduction of any losses for 1986, 1987, and 1988, which could be properly carried forward and applied against petitioners' income for 1989 and 1990. On this issue, we must therefore uphold respondent's determination. The second matter that we must decide is whether or not petitioners are liable for additions to tax under section 6662(a) for negligence in the preparation and filing of their 1989 and 1990 returns. No evidence at trial on this matter was presented, and it was only fleetingly mentioned in petitioners' brief. As in the case of the issue previously discussed, the burden of proof in this matter is on petitioners to prove that they are not liable for the additions to tax for negligence, which have been determined by respondent. . Even if we assume that petitioners have not abandoned this issue, they must fail here for failure to carry their *330 necessary burden of proof. To give effect to the settlement of certain issues for the years 1989 and 1990, which have been stipulated, Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
2. On brief, petitioners concede a reduction of this claimed amount to $ 640,659.↩